Burley v. United States                    04-CV-395-SM  04/05/05
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Todd M. Burley,
      Petitioner,

      v.                                   Civil No. 04-cv-395-SM
                                           Opinion No. 2005 DNH 055
United States of America,
      Respondent


                            **O R D E R**


     Petitioner pled guilty to count one of an indictment

charging him with conspiracy to possess with the intent to

distribute five kilograms or more of cocaine, in violation of 21

U.S.C. § 846.  He was sentenced on November 14, 2003, to, inter

alia, 120 months in prison.  Petitioner now seeks relief from his

sentence under the provisions of 28 U.S.C. § 2255, claiming that

he is entitled to be resentenced in light of the Supreme Court's

recent opinion construing the United States Sentencing Guidelines

to be advisory only.  United States v. Booker, 125 S.Ct. 738

(2005).


     But, the new rule announced in United States v. Booker, 125

S.Ct. 738 (2005), is procedural rather than substantive in

nature.  Moreover, the rule does not qualify as a "watershed rule" that implicates "the fundamental fairness and accuracy of the criminal proceedings."  Saffle v. Parks, 494 U.S. 484, 495 (1990).  Accordingly, it does not apply retroactively to final convictions such as petitioner's.  See McReynolds v. United States, 2005 WL 237642 (7th Cir. 2005); Schriro v. Summerlin, 124 S.Ct. 2519, 2523-26 (2004); Sepulveda v. United States 330 F.3d 55, 63 (1st Cir. 2003).  Even if it did, it is unlikely that petitioner's sentence under a discretionary system would have been less, he obtained a substantial downward departure under U.S.S.G. § 5K1.1.

The petition is denied.


**SO ORDERED.**

 

_____
Steven J. McAuliffe
Chief Judge

April 5, 2005

cc:  Todd Burley, pro se
    Mark A. Irish, Esq.